Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000070
05-MAY-2015
08:06 AM

NO. CAAP-15-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL YAMAUCHI and MYONG YAMAUCHI,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
TATIANA MIDDLETON and WILLIAM MIDDLETON,
Defendants/Counterclaim-Plaintiffs/Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-3118-11)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have appellate jurisdiction over Defendants/Counterclaim-Plaintiffs/Appellants William Middleton's and Tatiana Middleton's (the Middleton Appellants) appeal from the Honorable Gary W.B. Chang's (1) November 18, 2014 interlocutory order concluding that William Middleton is a vexatious litigant pursuant to Hawaii Revised Statutes (HRS) Chapter 634J and (2) January 9, 2015 order denying the Middleton Appellants' motion for reconsideration of the November 18, 2014 order, because the circuit court has not

yet entered an appealable final judgment on all claims, as HRS § 641-1(a) (1993 & Supp. 2014) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

"An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-15-0000070 was filed on April 1, 2015, and the circuit court has not yet entered a separate judgment on all claims in this case. Absent a separate judgment, the circuit court's November 18, 2014 order and January 9, 2015 order are not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the circuit court's November 18, 2014 order and January 9, 2015 order do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702,

704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).  Therefore, the circuit court's November 18, 2014 order and January 9, 2015 order are not appealable.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000070 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-15-0000070 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 5, 2015.


Presiding Judge


Associate Judge


Associate Judge

-3-